1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BLACKIE FLORINCEO ALVAREZ, SR.,           No.  2:21-cv-01976-JAM-CKD P

12                  Plaintiff,

13          v.                                   ORDER

14    AMADOR CUNTY SUPERIOR COURT,
      et al.,
15
                    Defendants.
16

17

18          Plaintiff is a county prisoner proceeding pro se in this civil rights action filed pursuant to

19   42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

20   U.S.C. § 636(b)(1).  See 28 U.S.C. § 636(c).

21          Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

22   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   /////

                                                   1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## I.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/////

2

## II.    Allegations in the Complaint

Plaintiff, "The King Blackie Ruler of All," filed this civil rights action against 37 named and John Doe defendants employed at the Amador County Jail, the Calaveras Public Defender's Office, California Psychiatric Transitions, Amador County Social Services, the California Highway Patrol, Walmart, Dollar Tree, Save Mart, and Ampm stores.  As far as the court can understand, plaintiff is in custody on a pending charge of violating his probation.  Unfortunately, that is all the court can decipher from plaintiff's complaint.  Although he uses the court approved form, plaintiff either checks all of the boxes or none of them in response to questions concerning the issue involved and the availability of administrative remedies.  The remainder of the complaint devolves into conclusory assertions that plaintiff was illegally arrested and brought before illegal court proceedings.  By way of relief, plaintiff seeks "emergency relief to stop the torturing of me," and his immediate release.

## III.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

### A.  Absolute Immunity for Judges

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547 (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

### B.  Habeas Corpus

While not entirely clear, it appears plaintiff believes he should be released from prison.

3

1   When a state prisoner challenges the legality of his custody and the relief he seeks is the

2   determination of his entitlement to an earlier or immediate release, his sole federal remedy is a

3   writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254.  Preiser v. Rodriguez,

4   411 U.S. 475, 500 (1973).  Also, to the extent plaintiff seeks damages, plaintiff is informed he

5   cannot proceed on a §1983 claim for damages if the claim implies the invalidity of his conviction

6   or sentence.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).

7            **C.  Joinder of Parties and Claims**

8            A plaintiff may properly assert multiple claims against a single defendant in a civil action.

9   Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where

10  "any right to relief is asserted against them jointly, severally, or in the alternative with respect to

11  or arising out of the same transaction, occurrence, or series of transactions and occurrences" and

12  "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.

13  20(a)(2).  However, unrelated claims against different defendants must be pursued in separate

14  lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only

15  to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to

16  ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3

17  the number of frivolous suits or appeals that any prisoner may file without prepayment of the

18  required fees.  28 U.S.C. § 1915(g)."  Id.

19           **IV.    Analysis**

20           The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails

21  to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

22  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

23  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

24  1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants

25  engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court

26  will, however, grant leave to file an amended complaint.

27           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

28  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

4

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against the defendants.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 2, 22) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Amador County Sheriff filed concurrently herewith.

1       3.  Plaintiff's complaint is dismissed.

2       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

3 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

4 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

5 number assigned this case and must be labeled "Amended Complaint."  Failure to file an

6 amended complaint in accordance with this order will result in a recommendation that this action

7 be dismissed.

8       5.  Based on the dismissal of plaintiff's complaint, all pending motions (ECF Nos. 13, 23,

9 25, 27) are denied without prejudice.

10       6.  Plaintiff's motion for reconsideration of this court's November 30, 2021 order (ECF

11 No. 16) has been referred to the district judge assigned to this case.

12 Dated:  February 11, 2022

13

14 CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20 12/alva1976.14.docx

21

22

23

24

25

26

27

28