UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ, SR., | No. 2:21-cv-01976-DAD-CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMADOR COUNTY SUPERIOR COURT, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's first amended complaint.

**I.    Factual and Procedural History**

On February 11, 2022, the court screened plaintiff's complaint and concluded that it contained too many vague and conclusory allegations to determine whether it stated any cognizable claims for relief. ECF No. 29. The court dismissed plaintiff's complaint, but granted him leave to amend. ECF No. 29. The screening order provided plaintiff with the relevant legal standards that appeared to apply to his allegations and cautioned him that unrelated claims against different defendants must be pursued in separate lawsuits. Id. at 29 at 4.

Plaintiff filed a 243 page amended complaint, including all exhibits, on June 8, 2022.

1

ECF No. 50. In the amended complaint, plaintiff names 27 individual and Doe defendants employed by the Amador County Sheriff's Office, the Jackson Police Department, the Sutter Creek Police Department, the Amador County Superior Court, the Amador County Public Defender's Office, a Dollar Tree store, an AM/PM convenience store, and various mental health providers who provide competency evaluations for Amador County. ECF No. 50. These defendants participated in "torture, murder, extortion, coercion, fraud, assault, destruction of [] evidence… illegal arrests, [and] illegally forcing [plaintiff] off of store property without investigating…." ECF No. 50 at 13. When plaintiff raised these allegations with Amador County Superior Court judges, his pro per status was revoked and his competency was challenged. ECF No. 50. As far as the court is able to discern, plaintiff appears to raise Fourth Amendment claims of unlawful arrest and excessive force in the course of his arrest; Eighth and Fourteenth Amendment claims of threats to his safety while in pretrial custody; and, First Amendment claims of denial of access to the courts. ECF No. 50. By way of relief, plaintiff seeks criminal charges to be filed against the defendants, a preliminary injunction, declaratory relief, as well as monetary damages. ECF No. 50 at 47.

In a separately filed Declaration in Support of the First Amended Complaint, plaintiff asserts that three Amador County Superior Court judges "choose body language and gestures that place[] plaintiff under their control…" and then illegally jail him and deny him the right to represent himself. ECF No. 52 at 2. Because these judges are engaging in criminal activity, plaintiff contends that they are not entitled to any immunity. Id. at 4.

These allegations are juxtaposed with the exhibits attached to the amended complaint which indicate that police were called to plaintiff's location after he threatened people while in possession of a knife. ECF No. 50 at 201. Ultimately, plaintiff was arrested for violating his probation and taken to the Amador County Jail. Id. Criminal proceedings in the Amador County Superior Court were paused after plaintiff was deemed incompetent to stand trial. Id. at 49-143 (trial transcripts). As of the filing date of the amended complaint, it does not appear to the court that plaintiff's competency has been restored.

/////

## II. Screening Standard

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Legal Standards

### A. Section 1983 Liability

Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

Section 1983 does not create substantive rights but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.      Younger Abstention Doctrine

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243- (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws."  Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983).  Younger abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted).   A claimant may avoid application of the Younger abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown.  See Perez v. Ledesma, 401 U.S. 82, 85 (1971).  In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

### C.      Judicial Immunity

The Supreme Court has held that judges acting within the course and scope of their

judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

**D.     Improper Defendants**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981).

**IV.     Analysis**

Plaintiff names several defendants who are immune from suit or who are otherwise improper defendants in this civil rights action. First, the undersigned recommends dismissing the three named judicial defendants on the basis of absolute immunity. See 28 U.S.C. § 1915A(b)(2). Although plaintiff asserts that they are not entitled to immunity because they are engaged in ongoing criminal activities, the only actions that he points to occurred during judicial hearings. These defendants are entitled to absolute immunity because their challenged conduct occurred in the course and scope of their judicial duties. See Pierson, 386 U.S. 547 (1967). While plaintiff clearly disagrees with the rulings made by these judicial defendants, that does not strip them of immunity from suit. Similarly, the allegations against various public defenders occurred while they were representing plaintiff during these same criminal proceedings. As a result, they were not acting under color of state law as required by 42 U.S.C. § 1983. See Polk, 454 U.S. at 325.

The named employees of private businesses were also not acting under color of state law for purposes of § 1983 liability. For all these reasons, the undersigned recommends dismissing the claims against the named judicial defendants, Amador County Public Defenders, and employees of the Dollar Tree and AM/PM convenience store.

As to the remaining defendants, plaintiff makes conclusory allegations against a laundry list of individuals whom he alleges are actively seeking to harm him. However, the only harm that plaintiff points to is his ongoing criminal case in the Amador County Superior Court. It thus appears to the court that plaintiff is raising claims based on the ongoing proceedings against him in state court. Federal court intervention in ongoing state criminal prosecutions is barred by Younger v. Harris, 401 U.S. 37, 45-46 (1971). Based on the court's review of the documents attached to the amended complaint, the undersigned finds that all the criteria for Younger abstention are met in this case. First, plaintiff was found incompetent to stand trial and has yet to be restored to competency. Thus, the criminal case remains paused. If, or when, plaintiff's competency is restored, his state criminal case will proceed. In other words, plaintiff's state criminal proceedings are ongoing because there is no final judgment, and the prosecution of the case will only resume once competency is restored. Second, plaintiff's criminal proceedings implicate California's important interest in the order and integrity of its criminal proceedings. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, despite plaintiff's protestations to the contrary, the California state courts provide an adequate forum in which plaintiff may pursue his claims. Once plaintiff is deemed competent, he can raise his claims at trial and, if applicable, on appeal. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Fourth, granting plaintiff relief in this action would, in practical effect, enjoin the state court criminal proceeding. Finally, plaintiff's allegations of irreparable injury are related to his defense of the criminal charges against him. This court does not find plaintiff's argument sufficient to warrant federal intervention because plaintiff is not

foreclosed from raising his defense to the criminal charges. He is just forestalled from doing so until he is deemed competent to stand trial. Since there is no compelling reason warranting federal intervention at this time, the undersigned recommends abstaining from interfering with plaintiff's pending state criminal proceedings. See Middlesex, 457 U.S. at 435. Therefore, the remaining defendants should be dismissed based on Younger abstention grounds.

To the extent that plaintiff is seeking the dismissal of the criminal charges against him, the court previously advised plaintiff that release from custody is not an available remedy in a Section 1983 action. See ECF No. 29 at 3-4 (explaining that "[w]hen a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254.") (citation omitted). Moreover, habeas relief is not available because plaintiff has yet to be convicted of any criminal charge based on the ongoing competency proceedings. This particular form of relief which plaintiff seeks remains unavailable in this civil rights action.

Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that further amendment of this case would be futile because the deficiencies identified in this order are not curable. Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

V. **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your second amended complaint and determined that you did not fix the problems that were identified in the court's prior screening order. The undersigned is recommending that the first amended complaint be dismissed because you are suing improper defendants and because it is not proper for the federal court to intervene in ongoing state criminal matters. Because these problems do not appear fixable, the undersigned recommends denying you further leave to amend your complaint.

If accepted by the district court judge assigned to your case, this recommendation will end this lawsuit. If you disagree with this recommendation, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review your case and then make the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend.

2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 6, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alva1976.FAC.F&R.docx